**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

CIVIL CASE NO: 09-7070-KSF-CJS
CRIMINAL NO. 08-52-KSF-CJS

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      **REPORT AND RECOMMENDATION**

HERBIE Q. BOOKER                                                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

On March 20, 2009, Defendant Herbie Q. Booker filed a Motion to Vacate, Set Aside, or Correct a sentence pursuant to 28 U.S.C. § 2255. (R. 88). In response, the United States filed a Motion to Dismiss. (R. 92). Having all relevant documents before the Court, the matter is now ripe for consideration. For the reasons set forth below, the Court recommends that the District Court **DENY** Defendant's § 2255 motion and **GRANT** the Plaintiff's Motion to Dismiss.

**I.   Background**

On February 28, 2008, a federal grand jury indicted Defendant and three others on charges of conspiracy to knowingly and intentionally distribute five or more kilograms of cocaine. (*See* R. 6). On March 7, 2008, Defendant was arraigned and entered a plea of not guilty to the conspiracy charge. (R. 21). However, in a rearraignment held on April 18, 2008, Defendant changed his plea and entered a plea of guilty.

During the rearraignment, a Rule 11 discussion with Defendant took place, during which the Court specifically asked Defendant if he was fully satisfied with counsel, to which he replied

that he was. (*See* R. 91, at 3).  The Court then asked the Assistant United States Attorney to explain the essential terms of the Plea Agreement.  As recited to the Court, the Plea Agreement required Defendant to plead guilty to conspiracy to distribute five or more kilograms of cocaine, a charge which included a maximum statutory punishment of not less than twenty years because of Defendant's prior felony drug convictions. (*Id.,* at 4).  The Plea Agreement further stipulated that at least five kilograms but less than fifteen kilograms was the amount of cocaine involved in the matter. (*Id.*).  The Plea Agreement allowed for a two-level reduction for acceptance of responsibility, and the Assistant United States Attorney explained that he intended to request an additional one-level reduction at the time of sentencing.  The Plea Agreement also contained a waiver of Defendant's right to appeal or collaterally attack the guilty plea, conviction, or sentence. (*Id.*).

The Court then confirmed that Defendant understood and agreed with the essential terms of the agreement as set forth above.  The Court explained the statutory minimum sentencing guidelines, and Defendant acknowledged that he understood the sentencing aspect of the agreement. (*Id.,* at 5-6).  Furthermore, Defendant specifically acknowledged that he was waiving his right to collaterally attack the guilty plea, conviction, and sentence. (*Id.,* at 6).  Finally, after the Assistant United States Attorney recited the factual basis underlying the claim against Defendant, the Court asked Defendant if he understood the Government's burden of proof at the trial and whether Defendant believed that the Government could prove the facts at trial. (*Id.,* at 10).  Defendant responded in the affirmative.  Defendant then admitted to the charges and formally entered a plea of guilty. (*Id.*).  The Court, concluding that Defendant was competent and capable of entering an informed plea and that the plea was knowing and voluntary, accepted

the Plea Agreement. On July 11, 2008, Defendant was sentenced to ninety-seven months in prison with five years of supervised release to follow.

Defendant filed the instant § 2255 Motion to Vacate, Set Aside, or Correct his sentence on March 20, 2009. Defendant alleges two separate grounds to support his motion, with the common thread for both being a claim of ineffective assistance of counsel. First, Defendant claims that his counsel was ineffective because counsel acted "unprofessionally" by not addressing the issues regarding the weight of the drugs found on his person at the time of arrest. (R. 88-1, at 1). Defendant claims that he agreed to plead guilty to a charge of conspiracy to distribute less than five kilograms, while the ultimate agreement reflected a weight of five or more kilograms. (*Id.*). Defendant argues that this higher drug weight exposed him to a higher mandatory minimum sentence, and that his attorney's failure to alert the Court to these discrepancies constitutes a violation of his Fifth and Sixth Amendment rights. (*Id.*).

Second, Defendant argues that counsel failed to challenge the presentence investigation or alert the sentencing court to errors and facts. (*Id.,* at 2). Again, Defendant highlights the fact that his Plea Agreement reflected a drug weight of at least five kilograms, while the laboratory reports showed that the drugs found on his person collectively weighed less than five kilograms. Defendant claims that counsel's failure to object to the drug weight listed in the Plea Agreement and his "failure to investigate, participate, or prepare for PSI or sentencing denied defendant a [sic] objective standard of rasaonable [sic] representation." (*Id.*). Defendant argues that because of counsel's failures, he received a longer sentence, which is in violation of his Fifth or Sixth Amendment rights.

The United States responds that Defendant waived his right to collaterally attack his guilty plea, conviction, and sentencing in his Plea Agreement, and that Defendant pled guilty to the charge of conspiracy to distribute five or more kilograms of cocaine in open court. (R. 92, at 1). In support of its argument, the United States points to the Court's Rule 11 discussion with Defendant, wherein the Defendant stated that he understood the charge, which was conspiracy to distribute five or more kilograms of cocaine, understood the Plea Agreement, and specifically waived his right to collaterally challenge the Plea Agreement and sentence. (*Id.*, at 3). The United States further argues that Defendant did not object to anything in the presentence report, even when directly asked, and that Defendant's § 2255 motion constitutes a violation of the Plea Agreement and should be dismissed. (*Id.*). In the alternative, the United States argues that Defendant failed to establish his ineffective assistance of counsel claims under the standard of *Strickland v. Washington,* 466 U.S. 668 (1984). (*Id.*).

**II.    Analysis**

A defendant may seek relief under 28 U.S.C. § 2255 when: (1) his sentence violates the Constitution or federal law; (2) the federal court lacked jurisdiction to impose his sentence; or (3) his sentence exceeded the lawful maximum. *See* 28 U.S.C. § 2255. In order to establish a violation based on constitutional error, a defendant must demonstrate that the error had a "substantial and injurious effect or influence on the proceedings." *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *7 (E.D. Ky. Feb. 1, 2010) (citing *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)). To establish a violation based on a non-constitutional error, a defendant must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice of an error so egregious that it amounts to a violation of due process." *Id.*

4

In this case, Defendant alleges that the ineffective assistance of his counsel violated his Fifth or Sixth Amendment rights, and thus to prevail on the merits of his claim, he must demonstrate "substantial and injurious effects." *See id.*

### A. Defendant's Knowing and Voluntary Waiver Bars Relief

Defendant's § 2255 motion is a collateral attack on a conviction, and Defendant expressly waived his right to collaterally attack his conviction and sentence in the Plea Agreement. Accordingly, unless an exception applies, Defendant's § 2255 is barred by the express terms of his Plea Agreement.

It is well-settled that a defendant may waive any right, including a constitutional right, in a plea agreement provided that the waiver is knowing and voluntary. *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). The Sixth Circuit has specifically held that a defendant's informed and voluntary waiver of the right to collateral attack bars any such relief. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). *See also Watson*, 165 F.3d at 489 (holding that defendant's informed and voluntary waiver in his plea agreement to his right to collaterally attack his sentence barred any such relief). Furthermore, a defendant's waiver of the right to collaterally attack his sentence also precludes a claim based on ineffective assistance of counsel. *Davila*, 258 F.3d at 451.

An exception to the general rule stated above exists if the collateral attack concerns the validity of the waiver itself. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). But in situations where the § 2255 motion does not articulate a basis for attacking the validity of the plea, the Sixth Circuit has upheld collateral-attack waivers if the waivers were knowing and voluntary. *Eversole*, 2010 WL 420067, at *8.

5

Both of Defendant's claims before this Court are ineffective assistance of counsel claims, and both claims focus on counsel's failure to object to the weight of the drugs as set forth in the Plea Agreement. (*See* R. 88-1). Defendant essentially argues that he was found with less than five kilograms of cocaine on his person, which is reflected in the laboratory report, and he agreed to plead guilty to conspiracy to distribute less than five kilograms of cocaine. (*Id.*). Defendant thus claims that counsel was ineffective for allowing him to agree to five kilograms or more because of the higher sentence associated with it.

At their core, Defendant's claims are based on the issue of sentencing, not the validity of the plea or waiver. *See Ingram v. United States*, No. 5:07-cv-172, 2010 WL 147213, at *3 (E.D. Ky. Jan. 8, 2010) (noting that a defendant's attempt to object to the sentence through an ineffective assistance of counsel claim was untenable).[1] This is shown by Defendant's request that this Court institute a shorter sentence based on the lesser drug weight. (*See* R. 93). Accordingly, because Defendant is attacking his sentence, a right which he waived in the Plea Agreement, his claims must fail. *See Davila*, 258 F.3d at 451. However, to the extent that Defendant's claims are viewed as an attack on the validity of the Plea Agreement, Defendant's plea and the waiver within were knowing and voluntary, and thus, Defendant's claims of ineffective assistance of counsel must fail. *See Ingram*, 2010 WL 147213, at *3.

---

[1] Defendant has also filed a "Letter Motion" seeking leave to supplement his § 2255 motion filings by directing the Court's attention to *U.S. v. Presley,* 547 F.3d 625 (6th Cir. 2008), a case where the district court, in resentencing post-*Booker*, focused on avoiding co-defendant sentencing disparity. This supplemental authority is also directed to the issue of sentencing and therefore fails to support Defendant's § 2255 motion because, as discussed hereinabove, Defendant waived the right to collaterally attack his sentence in his Plea Agreement. Accordingly, it is also recommended that Defendant's Motion for Order (R. 94) be denied as moot.

Defendant's statements in Court contradict his current claims and demonstrate that his acceptance of the Plea Agreement and waiver was knowing and voluntary. First, Defendant stated during the Rule 11 discussion that he was satisfied with his counsel, and this statement clearly contradicts his current claim of dissatisfaction with counsel. (R. 91, at 3). Second, Defendant agreed to the weight of the drugs in open court. (*Id.*). During the Rule 11 discussion, the District Judge specifically noted that the Plea Agreement stipulated to the drug weight of at least five kilograms, and Defendant did not object to this amount and proceeded to accept the Plea Agreement. The purpose of the Rule 11 discussion is to ensure that a defendant is knowingly and voluntarily waiving his rights and that he understands the terms and charges of the plea agreement. *Eversole*, 2010 WL 420067, at *9. These statements demonstrate that Defendant's plea was knowing and voluntary.

Furthermore, Defendant made the above statements under oath, and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Rule 11 colloquy is only meaningful "if the court can rely on the defendant's statements made under oath . . . ." *Eversole*, 2010 WL 420067, at *10 (citing *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003)). Because Defendant himself accepted the weight of at least five kilograms of cocaine in his Plea Agreement and testified to such in open court, he cannot now assert that this weight is incorrect.

In short, because Defendant's claims attack the terms, not the validity, of the Plea Agreement, this motion must be dismissed because Defendant waived his right to collaterally attack these terms in the Plea Agreement itself. *See Davila*, 258 F.3d at 451 (recognizing that an ineffective assistance of counsel claim is barred by a collateral-attack waiver). Furthermore,

7

even if Defendant's claims are viewed as an attack on the validity of the Plea Agreement, Defendant's waiver was knowing and voluntary, and accordingly, his motion must be dismissed. *See Eversole*, 2010 WL 420067, at *8 (noting that when under general attack, collateral-attack waivers are upheld if found to be knowing and voluntary).

### B. No Ineffective Assistance of Counsel During the Plea

Although the Court concludes that the merits of Defendant's motion do not need to be addressed because they are foreclosed by Defendant's knowing and voluntary waiver, the Court alternatively concludes that the motion also must be dismissed on the merits.

The Sixth Circuit addressed the standard for ineffective assistance of counsel claims involving plea agreements in *Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006). In that case the Sixth Circuit recognized that the two-part test for ineffective assistance of counsel claims established in *Strickland v. Washington* also applied when such claims were raised in challenges to guilty pleas. *See id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). The two-part test requires a defendant to establish that: (1) counsel's performance falls below an objective standard of reasonableness; and (2) the defendant was prejudiced by the attorney's error. *Hill*, 474 U.S. at 57-59 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). In the context of a guilty plea, a defendant must show that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. *Id.* at 59. A court's review of counsel's performance is "highly deferential," and the court acts with a "strong presumption" that counsel acted within the "wide range of professional assistance." *See United States v. Cabrales-Peralta*, No. 6:08-cv-7022, 2009 WL 1116330, at *7 (E.D. Ky. April 24, 2009) (citing *Strickland*, 466 U.S. at 690).

8

In this case, Defendant fails to satisfy the *Strickland* standard because he does not demonstrate that his counsel's conduct fell below an objective standard of reasonableness. Defendant argues only that he agreed to plead guilty to conspiracy to distribute less than five kilograms because that was the amount reflected on the laboratory report, and that his counsel was ineffective because he failed to object to the drug weight listed in the Plea Agreement. However, in the very letter that Defendant directs this Court to consider, counsel acknowledged Defendant's request to counteroffer a drug weight of less than five kilograms. (*See* R. 88-2). Counsel informed Defendant that he made the offer to the Government, and the offer was rejected. (*Id.*). Counsel then communicated to Defendant that the Government's offer of conspiracy to distribute five kilograms or more was the only offer that could be accepted, and that the Government was confident it could prove conspiracy to distribute more than fifteen kilograms at trial. Counsel further stated that the Government intended to bring an additional charge against Defendant if he chose not to accept the current offer. Counsel explained the sentencing consequences of the additional charge and left the decision to Defendant with the reminder that time was of the essence. (*Id.*).

These statements and conduct by Defendant's counsel cannot be considered unreasonable. Counsel clearly communicated Defendant's offer, which was denied, and then explained to Defendant the Government's offered terms, intended actions, and the consequences of each. Therefore, it appears that Defendant was well aware of the charges and his options associated with the offers, and his reason for accepting the charge appears to be avoidance of an additional charge. For these reasons, Defendant will not be permitted to complain of either his sentence or counsel's conduct. Because Defendant has failed to establish an ineffective

9

assistance of counsel claim under the *Strickland* standard, his motion should be dismissed on the merits.

### III. Conclusion and Recommendation

Based on the above analysis, **IT IS RECOMMENDED** that Defendant's § 2255 motion (R. 88) be **denied;** that Defendant's Motion for Order (R. 94) be **denied as moot;** and that the Government's Motion to Dismiss (R. 92) be **granted**.

Objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of the same or further appeal is waived. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule Fed. R. Civ. P. 72(b).

This 13th day of May, 2010.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\waiverinPleaAgreementR&Rs\09-07070waiverdismissal.wpd