UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 08-52-KSF
(CIVIL ACTION NO. 09-7070-KSF)

UNITED STATES OF AMERICA                                PLAINTIFF

v.                         **OPINION & ORDER**

HERBIE Q. BOOKER                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of the Defendant, Herbie Q. Booker, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #88] and the responsive Motion to Dismiss filed by the United States. [DE #92]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed her proposed findings of fact and recommendation on May 13, 2010. [DE #99]. Although Booker pled guilty to conspiring to distribute five or more kilograms of cocaine, in his Motion, Booker argues that he agreed to plead guilty to a charge of conspiring to distribute less than five kilograms. Booker also argues that a laboratory report shows that the amount of drugs attributable to him weighed less than five kilograms. According to Booker, his counsel's failure to address the discrepancy between the drug weight listed in the Plea Agreement and the amount stated in the laboratory report, as well as his counsel's failure to challenge the presentence investigation, constitute ineffective assistance of counsel in violation of his Fifth and Sixth Amendment rights.

The Magistrate Judge considered Booker's argument that his counsel was ineffective for failing to address issues regarding the weight of the drugs found on Booker's person at the time of his arrest, as well as for failing to challenge the presentence investigation or to alert the sentencing court to purported errors and facts regarding the weight of the drugs. The Magistrate Judge also considered the supplemental authority submitted by Booker in further support of his § 2255 Motion. [DE #94].

Reviewing the record, the Magistrate Judge determined that Booker made a knowing and voluntary waiver of his right to appeal or collaterally attack his sentence. According to the Sixth Circuit in *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998), a defendant may waive his right to appeal in a plea agreement so long as the waiver is made knowingly and voluntarily. Moreover, in *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that a defendant may waive the right to collaterally attack a sentence in a plea agreement. Finally, in *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit held that the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel.

Although an exception to the general rule regarding waiver exists if the collateral attack concerns the validity of the waiver itself, *see In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007), the Magistrate Judge found that Booker's claims regarding counsel's failure to object to the weight of the drugs as set forth in the Plea Agreement concern the issue of sentencing, not the validity of the plea or waiver. As a result, because Booker waived the right to collaterally attack the terms of the Plea Agreement, including his sentence, the Magistrate Judge determined that Booker's claims must fail. The Magistrate Judge further found that, even if Booker's claims are viewed as an attack on the

validity of the Plea Agreement, Booker's plea and the waiver within were knowing and voluntary, thus, Booker's claims of ineffective assistance of counsel must fail.

Although these grounds alone are sufficient to deny Booker's Motion, the Magistrate Judge alternatively considered the merits of Booker's ineffective assistance of counsel claims. In *Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006), the Sixth Circuit recognized that the two-part test for ineffective assistance of counsel claims established in *Strickland v. Washington*, 466 U.S. 668 (1984), also applies when such claims are raised in challenges to guilty pleas. Applying the *Strickland* test, the Magistrate Judge found that Booker's motion must also be dismissed on its merits because Booker does not demonstrate that his counsel's conduct fell below an objective standard of reasonableness.

Booker filed objections to the Magistrate Judge's proposed findings of fact and recommendation on June 16, 2010. [DE #103]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). Here, the Court agrees with the Magistrate Judge that the record reveals that Booker made a knowing and voluntary waiver of his right to appeal and, in view of *Hunter*, *Watson*, and *Davila*, Booker has waived his right to raise the collateral attacks that form the basis of his Motion and objections. For these reasons alone, Booker's Motion must be denied. However, even considering the merits of Booker's claims, Booker's ineffective assistance of counsel claim fails because Booker fails to demonstrate that his counsel's conduct fell below an objective standard of reasonableness. Thus, for the reasons set forth more fully by the Magistrate Judge in her proposed findings of fact and recommendation, Booker's § 2255 Motion must fail.

Moreover, the additional arguments raised by Booker in his objections to the Magistrate Judge's proposed findings and fact and recommendation are unavailing. In his objections, Booker argues that the government improperly calculated the weight of the drugs forming the basis of the charges against him. Booker also argues that the Court relied on false information in sentencing him, as the laboratory report shows that he was responsible for less than five kilograms of cocaine. However, during the Court's Rule 11 discussion with Booker, Booker admitted under oath that he and others conspired together to knowingly and intentionally distribute more than five kilograms or more of cocaine. [DE #91]. In his objections, Booker also argues that his guilty plea was the result of coercion and threats made by the government. However, during the Court's Rule 11 discussion with Booker, he denied that anyone had forced him to plead guilty. [DE #91]. Finally, Booker reasserts that his counsel was ineffective for failing to raise issues regarding the weight of the drugs found on Booker's person at the time of his arrest. Booker also argues that his counsel relied on facts provided by the government rather than undertaking his own investigation and that his counsel should have known that the United States could not prove a charge of possessing a firearm in connection with drug trafficking, an additional charge that the United States indicated that it was considering bringing against Booker. Once again, Booker's current arguments that his counsel was ineffective directly contrast with his prior statements made to the Court under oath that he was satisfied with his counsel. [DE #91]. Thus, the additional arguments raised by Booker in his objections are without merit.

For all of these reasons, the Magistrate Judge's proposed findings of fact and recommendation will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to Booker's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Booker has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered Booker's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's proposed findings of fact and recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #99] is ADOPTED as and for the opinion of the Court;

(2) the Defendant's objections to the Magistrate Judge's proposed findings of fact and recommendation [DE #103] are OVERRULED;

(3) the Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [DE #88] is DENIED;

(4) the Defendant's Motion for Order [DE #94] is DENIED as moot;

(5) the Government's Motion to Dismiss [DE #92] is GRANTED;

(6) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(7) that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the Defendant has not made a substantial showing of

the denial of a constitutional right and thus no certificate of appealability shall issue.

This September 30, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge